UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KWESI B AMONOO,

                Plaintiff,

                                      Case No. 25-cv-1380-bhl

    v.

DAVID J FRANK LANDSCAPE
CONTRACTING INC, et al,

                Defendants.

---

### ORDER ADOPTING REPORT AND RECOMMENDATION

---

On September 9, 2025, Plaintiff Kwesi Amonoo, proceeding without an attorney, filed a complaint against his former employer, David J. Frank Landscape Contracting, Inc., and several of the company's employees. (ECF No. 1.) Amonoo also filed a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 3.) Magistrate Judge Dries screened Amonoo's first complaint, dismissed it, and granted Amonoo leave to amend. (ECF No. 7.) Amonoo filed an amended complaint on February 27, 2026, (ECF No. 8), which Magistrate Judge Dries also screened. (ECF No. 9.) In the amended complaint, Amonoo alleges that his former employer discriminated against him because he did not accept drugs offered to him by his coworkers. (ECF No. 8.) Amonoo alleged claims under the Family and Medical Leave Act (FMLA), Americans with Disabilities Act (ADA), and Wisconsin state law. (*Id*. at 10–11.) Judge Dries recommends dismissing Amonoo's FMLA claim because he does not allege any facts to suggest that his employment was terminated because he took FMLA leave. (ECF No. 9 at 5–6.) The magistrate judge recommends that Amonoo's ADA claim be dismissed as untimely because he did not sue within the 90-day window following his receipt of a right to sue letter from the Equal Employment Opportunity Commission. (*Id.* at 6–7.) Finally, without any federal claims, Amonoo's state law claim has no independent basis for federal jurisdiction. The magistrate judge's second screening order gave Amonoo a second chance to amend no later than May 6, 2026. (*Id.* at 8.)

Amonoo did not file a second amended complaint. On June 24, 2026, Magistrate Judge Dries recommended that the action be dismissed for failure to prosecute and that Amonoo's motion for leave to proceed IFP be denied. (ECF No. 10.) Under 28 U.S.C. §636(b)(1)(B) and (C), Amonoo had fourteen days to file any objections after receiving the report and recommendation. General Local Rule 72(c) and Federal Rule of Civil Procedure 72(b)(2) also impose the same fourteen-day deadline.

On July 13, 2026, Amonoo filed objections to the magistrate judge's order, arguing that he had not abandoned his lawsuit and had simply missed his deadline to file a second amended complaint because he was ill and without health insurance or housing. (ECF No. 12.) While the Court has sympathy for Amonoo's serious challenges, it was Amonoo's responsibility to comply with the Court's deadline or to make the Court aware of these barriers before the deadline expired. He did not comply with this obligation and instead waited months after his deadline to file a second amended complaint had passed. The Court will therefore adopt Magistrate Judge Dries' report and recommendation and dismiss this action for failure to prosecute under Civil L.R. 41(c) and deny Amonoo's motion to proceed IFP. (ECF No. 10.)

Accordingly,

**IT IS ORDERED** that Magistrate Judge Dries's Report and Recommendation, ECF No. 10, are adopted. Amonoo's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 3, is **DENIED**. Amonoo's amended complaint, ECF No. 8, is **DISMISSED without prejudice** for failure to prosecute under Civil L.R. 41(c). The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on July 23, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge